Joseph E. THOMPSON, Petitioner–Appellant,

v.

Steven CAMBRA, Respondent–Appellee.

No. 01–56893.

D.C. No. CV–00–02256–JNK.

United States Court of Appeals, Ninth Circuit.

460

Submitted Dec. 9, 2002.*

Decided Dec. 13, 2002.

Before WALLACE, MCKEOWN, and FISHER, Circuit Judges.

### MEMORANDUM **

California state prisoner Joseph E. Thompson appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus and requests for evidentiary hearing and further discovery. Thompson challenges his 1996 convictions for first degree burglary, evading an officer with reckless driving, and resisting an officer, for which he was sentenced to a total term of 18 years and 4 months imprisonment. We have jurisdiction under 28 U.S.C. § 2253. We review claims of ineffective assistance of counsel de novo, *United States v. Blaylock*, 20 F.3d 1458, 1464–65 (9th Cir.1994), and we affirm.

Thompson argues that his counsel at trial provided ineffective assistance by failing to notify him that a plea offer had been approved by the state, because he would have accepted if he had known about it. *See id.* at 1466 (holding that failure by counsel to communicate the government's plea offer to his client constitutes deficient performance). We are unpersuaded.

In this case, we need not consider whether counsel's performance was deficient, because Thompson cannot demonstrate prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring petitioner

to show both deficient performance of counsel and prejudice to defendant). We agree with the district court that Thompson failed to demonstrate that if counsel had informed him of a plea offer, there was a reasonable probability he would have accepted it. *See Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir.1997) (denying evidentiary hearing and habeas relief where it was improbable that petitioner would have accepted plea offer in light of counsel's correct assessment of the weakness of state's case and petitioner's own insistence in his innocence).

Accordingly, the district court did not err by denying Thompson habeas relief without an evidentiary hearing or further discovery.

AFFIRMED.[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Thompson's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. All outstanding motions and objections are denied.